IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSUE BERLANGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0106-L |
| | § | |
| BASIC ENERGY SERVICES, LP, | § | |
| BASIC ENERGY SERVICES, INC., | § | |
| BASIC ENERGY SERVICES, GP, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER AND OPINION**

Pursuant to the order of reference dated April 13, 2017 (doc. 13), before the Court for determination is *Defendants' Opposed Motion to Transfer Venue From Dallas Division to Fort Worth Division*, filed March 20, 2017 (doc. 7).[1] Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED.**

**I. BACKGROUND**

On January 10, 2017, Josue Berlanga (Plaintiff) filed suit in this division against Basic Energy Services, LP, Basic Energy Services, Inc., and Basic Energy Services, GP, LLC alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq* (FLMA). (doc. 1 at 1.)[2] He worked for Basic Energy Services (Defendant), an oil and gas servicing company which includes the three named defendants. (*Id.*; doc. 8 at 3.) Plaintiff claims that Defendant "discriminated or otherwise retaliated" against him by threatening to "terminate employment for requesting leave to

---

[1]*Amended Miscellaneous Order No. 6* provides U.S. Magistrate Judges authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

care for his son[,]... taking shifts away from him for requesting leave to care for his son[,]... and by forcing him to work ... in spite of his request for medical leave..." (doc. 1 at 2-6.)

Plaintiff resides in Fort Worth, Tarrant County, Texas. (*Id.* at 1). Defendant's headquarters is also located in Fort Worth, and is less than a mile from the courthouse for the Fort Worth Division. (doc. 8 at 3.) Defendant contends that Plaintiff most recently worked at its location in Bridgeport, Wise County, Texas, while he contends that he provided services through out the Dallas-Fort Worth (DFW) metropolitan area, including Bridgeport, Alvord (Wise County), and Arlington (Tarrant County). (docs. 8 at 3; 12-1 at 3.) All of Defendant's documentary evidence, including Plaintiff's personnel file, attendance and pay records, and leave requests, is located within the Fort Worth Division, either at its Fort Worth headquarters or in Bridgeport. (doc. 8 at 3.) All three of Defendant's main anticipated witnesses work in the Fort Worth Division; two of the three live in the Fort Worth Division, while one lives in the Dallas Division. (docs. 8 at 3; 12-1 at 3-4.) One of Plaintiff's potential witness' also resides in the Dallas Division. (doc. 12-1 at 4.)

Defendants move to transfer all proceedings to the Fort Worth Division under 28 U.S.C. § 1404(a). (doc. 7 at 1). The motion has been fully briefed and is ripe for decision.

## II.  § 1404(a)

Defendants argue that this case should be transferred to the Fort Worth Division because it has no connection to the Dallas Division, most of the relevant factors required to be considered under § 1404(a) favor transfer, and the Fort Worth Division is "clearly more convenient." (doc. 7 at 10-11.) Plaintiff responds that all factors are either neutral or favor retention of the case in the Dallas Division. (doc. 12 at 9.)

A district court may transfer any civil case "[f]or the convenience of parties and witnesses,

2

in the interest of justice…to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As a threshold matter, § 1404(a) requires a determination of whether the proposed transferee district is one in which the suit might have been brought. *In re Horsehoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). Once this threshold has been met, § 1404(a) requires consideration of "the convenience of the parties and witnesses" and "the interests of justice." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (Volkswagen I); *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (Volkswagen II). The movant must show that considering both the convenience of the parties and witnesses and the interest of justice under § 1404(a), the transferee venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.

### A. Proposed Transferee District

For all civil actions brought in a United States district court, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff does not dispute that he could have brought this action against Defendant in the Fort Worth Division. (doc. 12 at 3.) Defendant's corporate headquarters is located in Fort Worth, which is in Tarrant County, and Plaintiff contends that he provided services in Bridgeport, Alvord, and Arlington, which are in Wise or Tarrant County. (docs. 8 at 3; 12-1 at 3.) Both counties are part of the Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). At least part of the alleged events giving rise to the lawsuit occurred in that division. (docs. 8 at 3; 12-1 at 3.)

**B.      Convenience to Parties and Witnesses**

Since the proposed transferee district is one in which the suit may have been brought, the next consideration is "the convenience of the parties and witnesses." *Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315.  The Fifth Circuit has adopted the *forum non conveniens* private and public interest factors to determine the convenience of the parties and witnesses. *Volkswagen II*, 545 F.3d at 314-15, n.9 (5th Cir. 2008); *see also Volkswagen I*, 371 F.3d at 203.

*1.      Private Interest Factors*

The private interest factors consist of "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.,* 454 U.S. 235, 241 n.6 (1981)).

a.      **Relative Ease of Access to Sources of Proof**

The first private interest factor, the relative ease of access to sources of proof, weighs in favor of transfer when evidence can be more readily accessed from the transferee district. *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 U.S. Dist. LEXIS 66207, 2011 WL 2292961, at *5 (E.D. Tex. June 7, 2011).

Here, Plaintiff concedes that all of the relevant evidence is located within the Fort Worth Division at Defendants' headquarters, which is less than a mile from the Fort Worth Division courthouse, or at their offices in Bridgeport, Texas. (docs. 7 at 5-6, 14 at 2.)  He argues that the location of the documents is inconsequential, however, and not a "substantial or logistical hurdle" because of the interconnected nature of the two cities. (doc. 12 at 3-4.)  Because Defendant's

4

headquarters is less than a mile from the courthouse, all documentary evidence can be more readily accessed within the Fort Worth Division, so the first factor favors transfer.

### b. Availability of Compulsory Process

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses. *Internet Machines*, 2011 U.S. Dist. LEXIS 66207, 2011 WL 2292961, at *6 (citing *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)). A district "may command a person to attend trial" by subpoena when it is "within 100 miles of where the person resides, [or] is employed …" Fed. R. Civ. P. 45 (c)(1)(a). Both parties concede that all currently identified witnesses are within the subpoena power of both divisions. (docs. 7 at 8, 12 at 6.) The second factor is neutral.

### c. Cost of Attendance of Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203. "The Court must consider the convenience of both the party and non-party witnesses." *Vargas v. Seamar Divers Int'l, LLC,* No. 2:10-CV-178-TJW, 2011 U.S. Dist. LEXIS 54386, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses")). The Fifth Circuit employs a 100-mile rule to assess the third private interest factor of cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 204-205. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* "Additional distance means additional travel time; additional travel time increases the

probability for meal and lodging expenses; and additional travels time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* at 205.

Defendant's three main witnesses, all of whom are employees, work in the Fort Worth Division, and two of them also live there. (docs. 8 at 3-4; 12-1 at 3-4.) Defendant's headquarters is less than one mile from the Fort Worth Division courthouse. (doc. 8 at 3.) Two witnesses live in the Dallas Division. (docs. 12 at 4-6; 14 at 3.) Although the distance between the divisions is less than 100 miles, and two witnesses live in the Dallas Division, the third factor favors transfer because it is less time-consuming and costly for the witnesses to attend trial during the work day at the courthouse in the Fort Worth Division, which is nearer to their work locations, than driving approximately 30 miles across the metropolitan area to the Dallas Division courthouse.

### d. Other Practical Problems

The fourth private interest factor is a catch-all consideration that includes all other problems that obstruct easy, expeditious, and inexpensive trials. Defendants argue that this factor favors transfer because all witnesses will incur additional unnecessary costs and time away from work to attend court in the Dallas Division. (*Id.*) Because it will be more convenient for witnesses to attend trial in the Fort Worth Division, near their workplace, this factor favors transfer.

### 2. *Public Interest Factors*

In addition to the private interest factors, courts must also consider the *forum non conveniens* public interest factors to see if they favor transfer. *Volkswagen I*, 371 F.3d at 203. They include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of

6

foreign law." *Id.*

    **a.**  **Court Congestion**

Regarding the first public interest factor, the administrative difficulties flowing from court congestion, *see Volkswagen I*, 371 F.3d at 203, both parties concede this factor's neutrality, (docs. 7 at 9, 12 at 6-7).

    **b.**  **Local Interest**

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen I*, 371 F.3d at 203. This factor favors transfer if "the events giving rise to this action occurred in [the transferee district/division]…" *Volkswagen II*, 545 F.3d at 315. The Fort Worth division has a localized interest in this matter because the company alleged to have caused the harm is located there, at least some of the alleged events happened there, and the relevant documents and witnesses are located there. In addition, the outcome of the case will have a direct financial impact on a party located there. Therefore, the second public interest factor weighs in favor of transfer.

    **c.**  **Familiarity with the Governing Law and Avoidance of Conflict of Laws**

The third public interest factor is "the familiarity of the forum with the law that will govern the case," and the fourth public interest factor is "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen I*, 371 F.3d at 203. The parties agree that both the Dallas and Fort Worth Divisions "have federal question jurisdiction over this case and are equally fit to address the ... issues that will govern this case." (docs. 7 at 10; 12 at 8.) They also agree that there are no conflicts of law problems present in this case. (*Id.*) The third and fourth public interest factors are neutral.

C.  **Interest of Justice**

Analysis of the "convenience of parties and witnesses" does not end the transfer of venue inquiry; the court should also consider the "interest of justice" under § 1404(a). *See Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Generally, a court should transfer a case where most of the witnesses and evidence in the case are closer to the transferee venue, with few or no convenience factors favoring the venue chosen by the plaintiff. *In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009). Here, because all the evidence and witnesses are closer to the Fort Worth Division, and no factors favor the Dallas Division, the interest of justice favors transfer.

Considering the convenience of parties and witnesses and the interest of justice, Defendants have met their burden of showing that the Fort Worth Division is "clearly more convenient" than the Dallas Division. *Volkswagen I*, 545 F.3d at 315. Transfer of the action to that division is therefore appropriate.

D.  **Plaintiff's Choice of Forum**

A plaintiff's choice of venue is not a separate factor in the transfer of venue analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, it is "to be treated as a burden of proof question," and deference to plaintiff's choice of venue is reflected in the movant's burden to show good cause for the transfer. *See id.* (citation and internal marks omitted). Less deference is given to a plaintiff's choice of forum "[w]hen the plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum …" *Kirkpatrick v. ARM WNY LLC*, No. 3:15-cv-1818-L, 2015 U.S. Dist. LEXIS 72894 *7-8; *Davis v. City of Fort Worth*, No. 3:14-cv-1698-D, 2014 U.S. Dist. LEXIS 86738 *6-7.

Here, Plaintiff does not live in the Dallas Division, he has not alleged specific events

underlying the case occurred in that division, and he concedes that he provided services in specific cities within the Fort Worth Division, so his choice of forum is entitled to less deference. Because Defendants have carried their burden to show that the Fort Worth Division is "clearly more convenient", transfer to that division is warranted.

### III. CONCLUSION

The motion to transfer is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division.

**SO ORDERED on this 30th day of October, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE